UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| BRYAN HOLTZCLAW, | Case No: 2:19-cv-00041-RFB-NJK |
| Plaintiff, | **ORDER** |
| vs. | |
| LAXALT, *et al.*, | |
| Defendant. | |

Plaintiff Bryan Holtzclaw, who was in the custody of the of the Nevada Department of Corrections ("NDOC"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and is proceeding in forma pauperis. See ECF Nos. 1, 44, 78. This case was referred to the Pro Bono Program for appointment of pro bono counsel. ECF Nos. 117, 121. The Court has been informed that the Federal Public Defender's Office has agreed to be appointed as pro bono counsel in Plaintiff's § 1983 case due to the exceptional circumstances.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." A court will, however, appoint counsel for indigent civil litigants only in "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Id. "Neither of these considerations is dispositive and instead must be viewed together." Id.

The Court finds that exceptional circumstances warrant the appointment of counsel. First, with respect to a likelihood of success on the merits, Plaintiff's complaint alleges that prison officials were deliberately indifferent to his serious medical needs by refusing to provide him with medical treatment for his chronic Hepatitis C infection, even though they had the medication and knew that he needed it. While the Court cannot, at this time, determine this claim's ultimate likelihood of success on the merits, the Court has found it survived the screening stage. Second, this case involves a claim of deliberate indifference to serious medical needs. Such a claim could require the examination of relevant medical evidence, consultation with an expert, and the development of expert evidence, making this case complex. Accordingly, the Court finds that Plaintiff has at this time demonstrated a sufficient potential for success on the merits and that, in light of the increasing complexity of the litigation process at this stage, Plaintiff will face increasing challenges litigating and articulating his claims pro se.[1]

**IT IS THEREFORE ORDERED** that the Federal Public Defender's ("FPD") Office is appointed to represent Plaintiff Bryan Holtzclaw. The Clerk of Court is directed to send this Order of Appointment to the FPD's Office. The Clerk is also instructed to add the FPD's Office to the service list in this matter.

**IT IS FURTHER ORDERED** that the FPD has 30 days from the date of entry of this order to file a notice of appearance.

**IT IS FURTHER ORDERED** that a status conference is scheduled for Friday, June 13, 2023 at 11:00 AM by videoconference before Judge Richard F. Boulware, II.

DATED this 12th day of April, 2023.

_____
RICHARD F. BOULWARE
UNITED STATES DISTRICT JUDGE

---

[1] Defendants have not filed an opposition in response to Plaintiff's request for pro bono counsel.